IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAB, INCORPORATED, a Nebraska Corporation; NCS TRANSPORTATION, INC., a Nebraska Corporation; CAROL A. BENSON, AND MARVIN D. BENSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUNBELT RENTALS, INC., a North Carolina Corporation;<br><br>    Defendant. | 7:16CV5004<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on the Motion to Strike Plaintiff's Jury Demand filed by Defendant Sunbelt Rentals Inc. (Filing No. 14). For the following reasons, the motion will be granted.

BACKGOUND

    Defendant Sunbelt is a rental equipment company located in South Carolina. (Filing No. 1 ¶ 6). Plaintiffs DAB Inc. ("DAB") and NCS Transportation, Inc. ("NCS") are equipment rental companies located in Nebraska. (Filing No. 1). DAB and NCS are owned by Plaintiffs Marvin Benson and Carol Benson, respectively. (Filing No. 1 ¶¶ 4, 5). Defendant and Plaintiffs negotiated a purchase agreement for the sale of DAB and NCS assets to Sunbelt. The resulting Asset Purchase Agreement ("Purchase Agreement"), which was entered into by the parties on December 16, 2014, (Filing No. 1-1), required certain funds to be held in escrow according to an Escrow Agreement. (Filing No. 1-1 at CM/ECF p. 12). The Escrow Agreement was attached to the Purchase Agreement as an exhibit and was expressly incorporated into the terms of the Purchase Agreement. (See Filing No. 1-1 at CM/ECF pp. 1, 8; Filing No. 20 ¶ 4).[1]

---

[1] "The Exhibits . . . identified in this Agreement are incorporated into this Agreement by reference and made part hereof." (Filing No. 1-1 at CM/ECF p. 8). Additionally, the

On December 16, 2014, the Purchase Agreement was executed and signed by Kurt Kenkel, as Executive Vice President to Sunbelt, Marvin Benson both as the President of DAB and as its shareholder, and Carol Benson both as the President of NCS and as its shareholder. According to the terms of the Purchase Agreement, the Escrow Agreement was to be executed on January 2, 2015.[2] The Escrow Agreement was signed by Kurt Kenkel as Executive Vice President to Sunbelt, Marvin Benson as the President of DAB, Carol Benson as the President of NCS, and by Allison Lancaster-Poole as the Escrow Agent. (Filing No. 15-2 at CM/ECF pp. 13–14).

The Escrow Agreement contains the following jury waiver provision:

> 27.  WAIVER OF TRIAL BY JURY. EACH PARTY TO THIS ESCROW AGREEMENT HEREBY WAIVES ANY RIGHT THAT IT MAY HAVE TO A TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION (1) ARISING OUT OF OR IN ANY WAY RELATED TO THIS ESCROW AGREEMENT OR (2) IN ANY WAY IN CONNECTION WITH OR PERTAINING OR RELATED TO OR INCIDENTAL TO ANY DEALINGS OF THE PARTIES TO THIS ESCROW AGREEMENT OR IN CONNECTION WITH THIS ESCROW AGREEMENT OR THE EXERCISE OF ANY SUCH PARTY'S RIGHTS AND REMEDIES UNDER THIS ESCROW AGREEMENT OR THE CONDUCT OR THE RELATIONSHIP OF THE PARTIES TO THIS ESCROW AGREEMENT, IN ALL OF THE FOREGOING CASES WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER IN CONTRACT, TORT OR OTHERWISE. EACH OF THE PARTIES HERETO HEREBY FURTHER ACKNOWLEDGES AND AGREES THAT EACH HAS REVIEWED OR HAD THE OPPORTUNITY TO REVIEW THIS WAIVER WITH ITS RESPECTIVE LEGAL COUNSEL, AND THAT IT KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH SUCH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, THIS ESCROW AGREEMENT MAY BE FILED AS A CONSENT BY ALL PARTIES TO A TRIAL BY THE COURT.

---

Purchase Agreement defined "Agreement" as "this Asset Purchase Agreement, including all Exhibits . . . ." (Filing No. 1-1 at CM/ECF p. 1).

[2] The Purchase Agreement required the Escrow Agreement to be executed "[o]n the later of January 2, 2015 or the Closing Date[.]" (Filing No. 1-1 at CM/ECF p. 80).

(Filing No. 15-2 at CM/ECF p. 12) (capitalization in original). This waiver provision was a separately numbered paragraph of the Escrow Agreement and printed in all capital letters.

Plaintiffs DAB, NCS, Carol Benson, and Marvin Benson filed their complaint against Defendant Sunbelt on September 16, 2016. (Filing No. 1). In the Complaint, Plaintiffs assert a single claim for breach of contract, alleging the defendant breached the Purchase Agreement by failing to pay for certain assets. (Filing No. 1). Defendant has filed a counterclaim against Plaintiffs alleging a breach of the Purchase Agreement claiming Plaintiffs have failed to pay Sunbelt for certain defective or missing equipment. (Filing No. 13).

## ANALYSIS

The right to a jury trial is guaranteed in certain civil cases under the Seventh Amendment of the United States Constitution. Fed. R. Civ. P. 38(a) provides "[t]he right of a trial by jury as declared by the Seventh Amendment . . . shall be preserved to the parties inviolate." However, this right may be waived, either expressly or impliedly. Bostic v. Goodnight, 443 F.3d 1044, 1047 (8th Cir. 2006); Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136, 142 (8th Cir. 1967). An express waiver of the right to a jury trial may occur by contract. See Northwest Airlines, Inc., 373 F.2d at 142; Cooperative Fin. Ass'n, Inc v Garst, 871 F.Supp. 1168, 1171 (N.D. Iowa 1995).

Defendant argues the Asset Purchase Agreement and Escrow Agreement were executed as part of the same transaction, the Escrow Agreement was incorporated into the Purchase Agreement, and the jury waiver is therefore applicable to any dispute related to or arising from the Purchase agreement due to its broad language. Plaintiffs argue the claims in this case arise solely out of and are governed by the terms of the Purchase Agreement which did not contain a jury trial waiver. Additionally, Plaintiffs argue even if the trial waiver extended to the Purchase Agreement, it is no longer binding because the Escrow Agreement has terminated and the individual Plaintiffs, Marvin and Carol Benson, were not parties to the Escrow Agreement.

"[C]ourts have long recognized that a contract may consist of more than one instrument." Dakota Gasification Co. v. Natural Gas Pipeline Co., 964 F.2d 732, 734 (8th Cir. 1992) (citing St. Paul Fire & Marine Ins. Co. v. Tennefos Constr. Co., 396 F.2d 623, 628 (8th Cir. 1968). Where multiple agreements "represent successive steps which were taken to accomplish a single purpose," they should be read together. St. Paul Fire, 396 F.2d at 628; see also Unison Co., Ltd. v. Juhl Energy Development, Inc., 789 F.3d 816, 819-820 (8th Cir. 2015)(reading separate documents that cross-reference one another and are contingent on one another as two parts of one transaction); Paramount Tech. Prods. v. GSE Lining Tech., Inc., 112 F.3d 942, 945 (8th Cir. 1997)("[W]hen two contracts are executed at the same time, by nearly identical parties and as part of the same transaction, those contracts are to be read together."). Indeed, "hinging one contract upon the execution of another contract . . . heightens the need for joint interpretation." Dakota Gasification Co., 964 F.2d at 735. And other courts have applied this general principle to find a party has waived its right to a jury trial. See Gandy Marketing & Trucking, Inc. v. Tree Town Holding, Ltd., case no. H-08-1053, 2009 WL 82062 at *2 (S.D. Texas Jan. 9, 2009).

This rule of joint interpretation applies even though the executing parties differ, as long as "the several contracts were known to all the parties and were delivered at the same time to accomplish an agreed purpose." St. Paul Fire, 396 F.2d at 628 (quoting Peterson v. Miller Rubber Co. of New York, 24 F.2d 59, 62 (8th Cir. 1928)).

Courts should also consider two writings as one when the second document is incorporated by reference into the first. That is, "[w]here a writing refers to another document, that other document, or the portion to which reference is made, becomes constructively a part of the writing, and in that respect the two form a single instrument. The incorporated matter is to be interpreted as part of the writing." Halbach v. Great-West Life & Annuity Ins. Co., 561 F.3d 872, 876 (8th Cir. 2009) (quoting 11 Richard A. Lord, Williston on Contracts § 30:25 (4th ed. 1999)). Applying this principle, the Eighth Circuit has acknowledged that a contract may incorporate another document where the terms of the incorporated document are known or easily available to the contracting parties. Marolt v. Alliant Techsystems, Inc., 146 F.3d 617, 621 (8th Cir. 1998).

4

In this case, both of these contract principles apply. The Purchase Agreement and Escrow Agreement were jointly created, negotiated, and executed to serve the single purpose of effectuating the sale of DAB and NCS assets to Sunbelt: Absent the Purchase Agreement, there would be no need for the Escrow Agreement. The Purchase Agreement makes reference to and expressly incorporates the Escrow Agreement and its terms. (Filing No. 1-1 at CM/ECF 1, 8; Filing No. 20 ¶ 4). Additionally, because the Escrow Agreement was attached as an exhibit to the Purchase Agreement (see Filing No. 1-1), its existence and terms were known and easily available to all contracting parties. Accordingly, the court finds two agreements must be considered as one.

The court must determine whether the jury waiver provision extends to the claims in this case and whether a jury trial was knowingly and voluntarily waived. The jury waiver provision contains broad language which extends not only to claims arising out of the Escrow Agreement, but to claims "in connection with or pertaining or related to or incidental to any dealings of the parties to this Escrow Agreement or in connection with this Escrow Agreement." (Filing No. 15-2 at CM/ECF p. 12). Since the Escrow Agreement was an integrated and required part of the Purchase Agreement, Plaintiffs' claim alleging a breach of the Purchase Agreement is "related to or incidental to any dealings of the parties . . . in connection with th[e] Escrow Agreement." Under the very broad language of the jury waiver provision, the court finds the provision applies to the dispute set forth in Plaintiffs' Complaint.

Because the right to a jury trial is a fundamental one, there is a presumption against finding a waiver. See Aetna Ins. Co. v. Kennedy, 301 U.S. 389 (1937). Only a knowing and voluntary waiver will be deemed valid. See Garst, 871 F.Supp. at 1171 (citing Brookhart v. Janis, 384 U.S. 1, 4-5 (1966)). Courts consider numerous factors in determining whether a waiver was knowingly and voluntarily executed including, for example, whether the provision is in a standardized document, the size of the print of the provision, the placement of the provision in the document, whether the parties had the opportunity to negotiate the terms, whether the waiving party was a sophisticated business person, whether the parties were in an unequal bargaining position, and whether there was an opportunity to review the terms of the contract. Garst, 871 F.Supp. at 1172 (citations omitted).

5

In this case, Escrow Agreement was attached as an incorporated exhibit to the Purchase Agreement when the Purchase Agreement was signed. The Purchase Agreement and its exhibits do not appear to be standardized documents, but rather documents created specifically for the parties' contract. The jury waiver provision within the Escrow Agreement was set off into a separate paragraph and printed in all capital letters. All parties to the agreement are sophisticated business people who had the opportunity to review the jury waiver provision with their legal counsel before signing the Purchase Agreement. (Filing No. 15-1 ¶¶ 3, 6). As stated in the jury waiver provision itself, the parties acknowledged and agreed that each had "review[ed] this waiver with its respective legal counsel, and that it knowingly and voluntarily waives its jury trial rights following consultation with such legal counsel." (Filing No. 1-1, at CM/ECF p. 54). The provision further states that "[i]n the event of litigation, this escrow agreement may be filed as a consent by all parties to a trial by the court." (Id.). Consistent with that consent, which plaintiff filed of record as an attachment to Plaintiffs' Complaint, and the in accordance with the parties' agreement,

IT IS ORDERED that the defendant's motion to strike the plaintiffs' jury demand, (Filing No. 14), is granted.

Dated this 20th day of January, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge